All right our second case this morning is United States v. Rodriguez 18-1449. Mr. Smith you may proceed and make sure you get that mic clearly in front of you. Thank you your honor. I'm Grant Smith with the Federal Public Defenders and I represent Daniel Rodriguez. The error in this case is that the district court concluded that Mr. Rodriguez's admission that he used cocaine was a grade b violation. The court's conclusion was premised on the faulty basis that an admission of use with nothing else could be punished under Colorado could be punished under Colorado law by more than a year. This decision is erroneous for at least two reasons. The first is that an admission of use by itself can only be punished under Colorado's statute, not its possession statute. Are you relying on your constitutional argument there? I'm relying on two arguments. Okay. The first would be that Colorado court cases interpreting these two statutes make clear that use just applies to the circumstance when someone admits to use. The possession statute calls for a harsher penalty and that's because the General Assembly has recognized that when one is found in possession of a drug they're participating in more culpable conduct. When they're found in possession they can still dispense that drug or they could sell it to the public. But Colorado has recognized and you make the point that it's in the context of possession in a penal institute that use is enough because it is it is logical to recognize that use is an illegal substance that they must have possessed it at some point. I would concede the point that the Colorado cases make clear that when someone uses a drug they necessarily possess it. But it's not our position that they can be punished under the possession statute. If you look to the cases such as Camel, which the government cites in its 20HA letter, use is almost a mitigating act. They've removed that culpability or that threat to society at large by using the drug. And the Colorado Supreme Court has been clear that the threat posed by the defendant who uses a drug is only to themselves. And so in recognition of that diminished culpability, use calls for a diminished punishment. Additionally, the second reason... Counsel, I need to understand what you just said a little better. So if the Colorado cases establish that knowing use inherently involves possession, are we okay so far? Yes. As a practical matter, they say one cannot use a drug without first possessing it. All right. But then you want to take the next step and say, but in Colorado, someone who knowingly uses cannot be prosecuted for possession. Is that your position? Correct. Do you have a case that says that? No, there is no case on that point. But what's most beneficial to us is the Villapando decision where the Colorado Supreme Court has said, in District Court 1, we got it wrong. There could be an equal protection violation by charging someone who only admitted to use with possession. Well, I've got to ask you about that equal protection argument. When did you raise this for the first time, the equal protection argument? Well, the equal protection argument is just a distinct reason or an additional reason for why this is the correct interpretation. No, I understand. But I know. My question is, I saw it in your reply brief to us. I didn't see it before your reply brief to us. Did you raise it before then, the equal protection argument? No. And so isn't it waived? No, it's not waived. It's just an additional reason for why this, the legal theory. It's a pretty significant argument to say that you can't charge someone for possession based on the equal protection clause in the Colorado State Constitution and only say that when you do it for the first time in a reply brief. How can that not be waived? Well, the banner argument here is that... Pardon? The banner argument here is that... The what argument? Banner. The overall argument. The legal argument that could be waived or forfeited is whether or not he could be prosecuted under the possession statute. Our argument in the opening brief was, no, he can't. And here's the proper interpretation of Colorado Supreme Court precedent. The government came back in its answer brief and said, no, that's not the correct interpretation. You can be prosecuted under possession. And we came in the reply brief and said, well, here's an additional problem with the government's argument, and that it would create an equal protection violation under Colorado courts. So that argument isn't waived. Well, let's take the equal protection argument as you're presenting it. Why is it an equal protection problem? You've already said that possession, because it runs the risk of further What's wrong with charging him with possession because his possession did present those problems beyond mere use? The problem is that under Colorado's equal protection jurisprudence, they've said that the General Assembly can't give to a prosecutor unrestrained discretion in his charging decisions. There has to be something in the statute that drives that charging decision. So if you consider an as-applied challenge here, you look at two similarly situated defendants, two people that had admitted to using drugs, nothing more, there would be unrestrained discretion in the charging decision to adopt the government's argument. But counsel, possession and use are not identical conduct, are they? No, and that's key. The difference between the two is that there's greater culpability when one is found in possession of a drug. So that's when you get put in that category. Well, okay, then I'm misunderstanding. It seems to me if you're making an equal protection argument, the argument is that if a defendant is engaged in conduct, identical conduct that could be one crime or another, your argument is the prosecutor has to go with the offense that is punished less harshly. But possession and use are not identical conduct. No, they're not identical. So what's the problem? The problem is if you think of two similarly situated, and to take one step back, Colorado does have a far more reaching equal protection doctrine than its federal counterpart. And in that case, it is clear that a prosecutor can't have that unrestrained discretion. So then it that only admitted to using a drug. If the government's arguments adopted, the prosecutor could charge one with possession, they would face a harsher penalty, and could elect completely unrestrained for no rhyme or reason that the second one only gets a misdemeanor under the use statute. Under Colorado law, that would be an equal protection violation. The difference has to be that the harsher punishment comes when you engage in more Let's say someone pulls out a gun and shoots another person. The prosecutor has to decide whether it's first-degree murder or second-degree murder. But the conduct is the same for either charge. Does that mean that the prosecutor has to charge second-degree murder? No. And that's an admission that this doesn't really fit neatly in the lesser included offenses box of how we sort of, or how we normally consider these equal protection challenges. Because the additional element here, the use, which diminishes the culpability, comes with what could be viewed as the lesser included charge. And in the case of the murder scenario, you would have an additional element of probably premeditation that would drive the prosecutors decision. There would be something in the statute saying... Well, aren't there different mens reas for possession and use? I can't say affirmatively. Well, if you know you're possessing or you know you're using. Those are different. I think it's knowingly under both of them. Knowing is the general mens rea, but there are different kinds of knowing. But that's not the distinction that the legislature drew. They said that with possession, this is deserving of a harsher sentence because you still have the potential to distribute to the pub. In Campbell, they say once you use a drug, that threat is gone. So it would be an equal protection violation in that circumstance to be charged with possession. Thank you. I've taken up too much of your equal protection time. Let me jump in. I need you to explain to me why Campbell v. People, which pretty clearly says what Judge Matheson was articulating, that use and possession are different types of conduct and that it's not an equal protection problem. How does that not foreclose your argument this morning? The nuance here is that it's a bidirectional analysis. So in all the cases cited by the government, it's someone who's charged with possession, someone who is found in possession of a drug. And they raise an equal protection challenge saying, hey, I should have been charged with use because there's no difference between these two statutes. What we're arguing is the opposite of that, of, no, you were only found or admitted to use, you were never found in possession of a drug, so you should be charged just with use. There's no case, I take that back, the closest case is District Court 1 where they said the bidirectional analysis did go both ways. There was no equal protection violation, no matter which way you looked at it. And that was expressly overruled in Villa Pondo saying, no, we're not so sure about that constitutional ground going the other direction when it comes to a user who's charged with possession. Let me ask you this, the district, the sentencing court in looking at the grade of the violation wasn't limited to Colorado law, was the court? No, the Colorado could consider, the District Court judge could consider federal law. And under federal law, at least in the Tenth Circuit, you can rely on evidence of use as support for a possession charge, can't you? I'm not sure on that, if there is a standard that use could, most likely that is. I can't say that with certainty. So if under federal law, it's apparent that you would be punished for more than a year here, would you agree that there's no error? No, you can't be punished for more than a year. Simple possession under federal law is only one year. Okay, but then under federal law, could you look at the fact of prior convictions, use of a firearm, things that would enhance the sentence in determining what grade, hypothetically what grade of violation this would have been? No, you can't. Why not? Because that zone of speculation that Carachuri-Rosendo expressly prohibits. I'm sorry, I can't hear you. That zone of speculation that Carachuri-Rosendo expressly prohibits. They've said that in order to get that additional sentence, the government would have to file an 851 enhancement. So then you're speculating whether or not the government would actually do that. In addition, there's procedural... Is that true though at supervised release sentencing stage of a case? Isn't the principle you just stated one that applies at the sentence for the underlying offense? Isn't that what our cases say? There's only one case and it's unpublished, and it's Robles. And Robles didn't confront Carachuri-Rosendo in the Supreme Court saying, once you're entering into the zone of hypotheticals and speculations, then you're going far adrift from what the guidelines actually want you to do. Well, that's the whole point. I mean, everything about the revocation, this situation where you're looking at a violation on supervised release, the whole process is hypothetical. It can't, I mean, in a sentencing context, it's not hypothetical. You're there with what the person actually was convicted of, but this whole process requires the sentencing judge to theorize about what crimes might have been charged and what the sentence might have been. That's correct. In Carachuri-Rosendo, the court acknowledged in the government press that this is bound up in a hypothetical, but what they prohibit is a hypothetical upon a hypothetical. And in addition, the court looked to the actualities of the circumstance. But not in this context, in a direct sentencing, right? No, in this context. Well, sorry, in an INA deportation proceeding. Well, there's a different statute there. The statute there actually said it had to be, I think, that you were convicted of. Conviction. Yeah. I mean, we don't have that here. But ultimately, that depends. Obviously, you're bound by the statutory language there. Absolutely. And the definition of a conviction, if you go through the main cross-references, comes down to conduct punishable by more than one year. But additionally, the Supreme Court's reasoning in that case wasn't tied directly to that language. They said you have to look at the practicalities of this being charged in federal court. And like the district court did here, they said it was unheard of that someone who admitted to who had a high UA would be prosecuted for possession in federal court. And then the government would seek an enhanced sentence based on 851 for that defendant to receive a sentence above one year. For that reason, we would request that this court remand for resentencing for Mr. Rodriguez. Counsel, let's hear from the government next. Good morning, Your Honors. May it please the Court. Kelly Winslow on behalf of the United States. I want to start with what I think is actually the core issue in this case. And that's the question of whether or not courts can properly consider these sentencing enhancements when determining a grade violation in the context of supervised release. And this question has actually been answered in the existing case law, both in this case, the United States versus Robles, and five other circuit cases have also stated that you can, in fact, look at these sentence enhancements when determining a grade violation. So what the defendant in this case is actually asking is that not only do we overturn the precedent in this circuit. Well, but Robles is impressive, correct? It was an unpublished case. That's correct, Your Honor. So to address what I said is to go against what we said in our unpublished opinion in the United States versus Robles, as well as create a circuit split with the five other circuits that have come down on this decision and have been clear about sentencing enhancements in this context. And the defendant's asking us to do this on the basis of an application note. And the defendant's reliance on this application note is misplaced for multiple reasons. The first of which is that this application note doesn't even address the type of violation we're dealing with here. It's in the context of 922G or possession of a firearm by a felon, which is not the type of conduct we're discussing here. It also does not explicitly say that you cannot look at sentencing enhancements. It also does not explicitly discuss accuracy. But it doesn't say that you can either, right? Yes. That's accurate, Your Honor. And that is really what the defendant's entire argument is based on. It's based on omissions and logical and textual leaps based on what this application note does not say. Was the application note discussed at the sentencing hearing? No, Your Honor. That issue was not raised at the sentencing hearing. And it wasn't raised in the briefing that came before the hearing on the revocation for the supervised release as well. I'd also note that using this application note and the implications that you can't look at sentencing enhancements actually goes against the rest of the guidelines, which when you're determining an offense level for someone's conduct, you are in sentencing enhancements. One example being in the context of a 922 G, someone's offense level might be, say, a 14. However, if that individual had previously been convicted of a crime of violence, they would then be looking at an offense level of 20 or 24 or 26. And what that means is that the guidelines have allowed for sentencing enhancements to be used in other parts of the guidelines along with criminal history. And although the defendant doesn't specifically make the argument about double counting, I think that's what their implication is. And what this court has actually said and other courts have said that that is permissible because criminal history and status or conduct are two different things. And so you're allowed to count previous recidivist acts in both. And so ultimately, it's the government's position that this stance that the sentencing enhancements can't apply in the face of all this case law that says they can is inappropriate. And the defendant hasn't cited any type of case law to support that. So if we go to the next issue, which is assuming that we can, in fact, look at the sentencing enhancements, did the court properly do so here? And the government's position is that, yes, they did. And what the government specifically did in this case is they found that there were under the Colorado state statute. And these aggravating factors were specifically the fact that the defendant was on a form of supervision at the point in which the defendant was found to be possessing a controlled substance. And the court made this specific finding. It found the specific aggravating factors and also found that even if it wasn't in the enumerated factors under the Colorado state law, it could have found it under the actual catch-all that's also included in that Colorado state law that says you have these aggravating factors listed. A judge can also find an aggravating factor for other reasons as well. MR. GOLDSTEIN I know the cases say that use and possession are different acts, different types of conduct. But I do have some trouble in determining where that line is drawn. Obviously, if you're using a drug, you're possessing it at the same time. And there's some logic to the argument that they eventually collapse into the same conduct. And why isn't that a problem? And even though the Colorado cases suggest they're different, isn't it really a logical fallacy that they really are? MS. GOLDSTEIN So I think that the courts have said it sort of in different ways. You've seen the courts say it assumes possession, it infers possession, necessitates possession. And we've seen this, as you mentioned, at the state level. We've also seen this in this court in the context of 3583, Rockwell and Hammond, and also other circuit courts have said this. And I think that's a fair question. It's sort of what is the line there, right? When does it go over? But I think in the context that we're in, the question is, did the conduct amount to possession based on the findings before the court? And was it reasonable for the court to make this jump? MR. GOLDSTEIN What was the conduct here? Was he in a room, like, sharing a joint with other persons? Or was there something more elaborate? MS. GOLDSTEIN So the conduct here, and the conduct that the defendant admitted to at the supervised release hearing, was that he used cocaine multiple times throughout the month of June 2018, and he also tested positive for cocaine. And how the violation was actually written is it says possession and use of a controlled substance. It was violation one. And the defendant admitted to that violation and to the underlying conduct, which I just articulated. And so based on that, what the district court found is that the defendant had, in fact, possessed a controlled substance. And the district court actually did discuss the issues about knowingly being able to use a substance. So it addressed some of the questions that have been raised by other courts. Well, was the person spiked? Was their drink spiked? Or might there be a case in which the person didn't know that they were using it? And the district court did, in fact, reject that in this case. The district court said, look, we have a defendant who has admitted to this conduct, admitted to relapsing. This is not a case in which he didn't knowingly actually possess a substance. We can't say that he used the substance and didn't possess it in this context. MS. GOLDSTEIN Under Villopando, do you have to charge him only with the lesser offense, the use, as opposed to possession? MS. GOLDSTEIN So I don't think so. I think what Villopando was saying is that, and this was in the context of a preliminary hearing and also in a probable cause determination, and what they were saying is that evidence of use could equal evidence or could be used for evidence of possession in this specific context of probable cause. And as defense counsel pointed out, this was sort of in the contraband context. However, the cases have sort of treated this the same going forward. They've looked at possession and use and said, we're talking about possession and use broadly, not necessarily just in the specific instance of contraband. MS. GOLDSTEIN But under Colorado constitutional law, would the possession and the use charges here merge such that you could only rely on the use? MS. GOLDSTEIN So I think what we've seen is that generally, ultimately, people are getting convicted of the possession. So the evidence of the use is merging with the possession charge. And what was discussed a little bit and what we have found is that the Court has found that there is no equal protection issue, right? And this most recently in the Campbell case, and one nice quote from Campbell that sort of illustrates why this is an issue is saying, the fact that use of a controlled substance necessarily requires possession does not make the conduct identical for equal protection purposes. And so what it's saying is that these are two separate, these are non-identical acts, even if you might be able to use evidence of use to show possession. JUSTICE ALITO Well, but as Mr. Smith argued, though, and I'm interested in how you would respond to it, I think his point is that we may be in a situation of unbridled prosecutorial discretion when the choice is pretty much the same, same conduct, but one carries a higher penalty, one carries a lower one, and that implicates some equal protection concerns. How would you address that? MS. SMITH Well, I would address that in that the use and possession statutes actually have different elements. So ultimately, if someone was charged with possession based on part of evidence of use, they would actually have to be convicted based on the elements of possession. So if there was just evidence of use, that might not, in fact, ultimately be enough. JUSTICE ALITO But what are the different elements? Can you just articulate what those are? MS. SMITH Yes. So in the context of a use statute, it's unlawful use of a controlled substance, and in the context of a possession statute, it's an unlawful knowing possession of a controlled substance. So obviously, there's a fine line here, right? Because we're saying that evidence of use can go towards possession, but what the courts have found when finding there is no equal protection is the fact that the elements are different is one of the reasons why we don't have an equal protection violation in this context. JUSTICE ALITO Can you have use without knowledge under Colorado law? MS. SMITH No. So you do need knowledge. It doesn't say it in the statute itself, but looking at the jury instructions, you do need knowledge, which makes sense, right, because they're trying to avoid situations where someone's drunk. JUSTICE GINSBURG So if somebody spikes my drink, I'm not guilty of use. MS. SMITH Exactly. JUSTICE GINSBURG Which then takes out the difference that you were pointing to between the use and possession. So it seems to me any time you have use, you have possession. MS. SMITH And I think this is where the line is thin, but I think you can have a situation where someone may end up using, but isn't going to be charged with possession. Maybe it would be in a situation where you just have a hot UA, or actually I think it's in Kegel, they made the distinction of someone having a magic mushroom put onto their tongue, and they said that would be a situation where, you know, it's real, in fact, you use without actually possessing the substance. JUSTICE ALITO What about, Mr. Smith has asked about federal law. What about federal law in terms of your case? Is that an alternative ground for this panel to affirm? And is there any case law, federal case law, that's comparable on this possession and use issue to the Colorado cases? MS. SMITH Yes, Your Honor. So I briefly mentioned Rockwell and Hammond, and admittedly that's in the context of 3583, but again, they found that for purposes of mandatory revocation of supervised release, that use does equal possession. There's also a couple other circuit cases that have addressed this issue, both Trotter and Crace. In Trotter, they went pretty much into depth about this exact issue about use versus possession, and what they found, and that was in the context of supervised release, was that that use infers possession. And so it was reasonable for a district court to find that someone who had multiple hot UAs had actually possessed a substance by a preponderance evidence in the context of supervised release. I realize I only have a couple minutes left, so I'd just like to briefly touch on a couple other issues, the one being the issue of the simple possession under federal law, and that this court ultimately found that the district court hadn't properly found state conduct punishable by more than a year that we would have it under federal law. And that's what United States v. Robles addressed, and that's what we have also multiple other circuit cases have addressed this issue, and that includes United States v. Winn, United States v. Trotter, United States v. Crace, and United States v. Sieber, all of these cases, which are cited in my brief, and all have come down the same way, saying that it's proper to find a grade B violation if you have federal possession and the individual had a previous conviction for possession under state or federal law. Just to touch on a couple points about Karad Shuri, I apologize if I'm butchering that a little bit, but you guys asked, your honors asked a couple questions about that case, and to just make a couple points. First, the district court actually addressed this issue at the hearing and rejected the argument that this would preclude the court from considering the federal offense, although the court ultimately didn't make a decision on whether or not the federal offense would apply here, and we also have several other district court, or I'm sorry, appellate courts that have addressed this exact issue and rejected it. Also, United States v. Wynn, United States v. Montgomery, and United States v. Bullock. And the points being, which were also made by your honors, that that was a different statute in that it required an actual conviction. So what they were saying is that if you're looking at an actual conviction, you can't hypothetically say what the state would have done because we already know what the state had done. Additionally, what these other courts have also made the argument is that 851 doesn't actually apply in the context of supervised release, that it is just, I see I'm almost out of time. Go ahead and finish your thought and then wrap up. Yes, thank you. That 851 doesn't actually apply in the context of supervised release. The wording of the statute specifically says that it's before the entry of a plea of guilty or before someone goes to trial is when that information has to be filed under 851. So it wouldn't apply here. All right. Thank you, counsel. Your time has expired. We appreciate it. I think we are at a few seconds for rebuttal. Why don't you give Mr. Smith 60 seconds? Thank you. I just want to stress that in Karachuri, the Supreme Court did say that in considering whether or not this conduct would constitute an offense punishable by more than a year under federal law, you can look to the real world application of these statutes. And as a district court found, it's inconceivable that someone with a high UA would be prosecuted federally and then the government would seek an 851 enhancement for an additional sentence, bringing it into the grade B category. Thank you. Thank you, counsel. Counselor excused. The case shall be submitted. We're now going to take our mid-morning break and the court will be in recess until 1035.